YRC.8769

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **MARIA DE JESUS PARDIDA ARANDA**, Individually, as wrongful death beneficiary, And on behalf of the estate of **JUSTINO GUTIERREZ**, deceased, and as next friend for all minor children, **GUADALUPE GUTIERREZ, JONATHAN GUTIERREZ-PARTIDA,** and **JUSTIN GUTIERREZ-PARTIDA,**  §§§§§§§§§ | |
| Plaintiffs, § | **CIVIL ACTION NO: 3:18-cv-18-494** |
| v. § | **JURY DEMAND** |
| **YRC INC., JEFFREY THORP, ROADWAY EXPRESS INC.,** and **JOSHUA RICHMOND,** §§§§§§ | |
| Defendants. § | |

## DEFENDANTS YRC INC., AND JEFFREY THORP'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **YRC INC., AND JEFFREY THORP** (collectively hereinafter referred to as "Defendants"), Defendants in the above matter, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332(a).

## I.
## BACKGROUND

1. This lawsuit, and the claims asserted herein, arise from an incident that occurred on or about July 17, 2017, between multiple vehicles traveling southbound on Interstate 35 in Dallas, Dallas County, Texas. The settling Defendant, Joshua Richmond, is shown on video dash-cam changing lanes when unsafe and impacting Defendants' tractor-trailer, resulting in a chain reaction that ultimately lead to the death of Justino Gutierrez.

2. On or about August 4, 2017, Plaintiffs sued all Defendants in Dallas State District Court, Cause No. DC-17-09921 alleging that the negligence and gross negligence of Defendants caused them to sustain damages. All Defendants have answered herein with the exception of Roadway Express, Inc. who is not a proper party, has never been served, and is not before the Court in any capacity. Due to Mr. Richmond's residency within the State of Texas, at the time of the Original Petition, this matter was not removeable to Federal Court.

3. On or about February 26, 2018, Plaintiffs settled the entirety of their claims as against Mr. Richmond, and a copy of the signed judgment is attached hereto as *Exhibit A*. Such actions have now created diversity within the lawsuit. Defendants have thus filed this Notice of Removal within the time period required from which complete diversity of citizenship first arose. 28 U.S.C. §1446(b).

7. Plaintiffs are residents of Texas and domiciled in Dallas, Texas.

8. Defendant **YRC INC**. is a Kansas corporation with its principal place of business located in Overland, Kansas.

9. Defendant JEFFREY THORP is currently a resident of Kansas, and was a resident of Kansas when this suit originated.

10. Plaintiff's Original Petition, filed contemporaneously herewith, seeks monetary relief for multiple damages, including wrongful death, personal injury, survivor claims, bystander claims, and gross negligence which on their face far exceed $ 75,000.00.

## II.
## BASIS FOR REMOVAL

11. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiffs' suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiffs are citizens of the State of Texas, and

Defendants are residents of the State of Kansas, with YRC INC. maintaining its principal place of business within the State of Kansas.

13. As the Court is certainly aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled. Plaintiffs are persons and domiciled in Texas. Defendant Thorp is a person and domiciled in Kansas. If the person is an entity, the citizenship of a corporation is determined by its place of incorporation and its principal place of business. YRC INC.'s place of incorporation is Kansas and its principal place of business is Kansas.

14. Because the Plaintiffs and the remaining Defendants to this suit do not share citizenship in any state, removal is proper on diversity grounds.

15. Defendants are now, and were at the time the removal process was initiated, diverse in citizenship from the Plaintiffs. 28 U.S.C. § 1332. Accordingly, because this notice of removal has been filed within thirty days after complete diversity first existed, upon the judgment and dismissal of Plaintiffs claims against Joshua Richmond, this removal is proper and timely under 28 U.S.C. §1446(b).

16. Further, as set forth in Plaintiffs' Original Petition and First Amended Petition filed with these pleadings here today, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00). Thus, the amount in controversy meets the threshold for removal.

17. The United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, the place where the state court action was filed and is pending. This statement is not meant as a waiver of any argument that venue is improper in the location in which the state court action was filed, but merely demonstrates the propriety of removing the action to this federal judicial district.

18. The live pleadings before the state court are solely those of Plaintiffs' First Amended Petition and Defendants' Original Answer as **Exhibit B**. No other motions are pending before the state court. Initial written discovery has been conducted by the parties.

19. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as, as required by 28 U.S.C. § 1446(a). *See Exhibit C*.

20. Defendant will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

### III.
### REQUEST FOR JURY TRIAL

21. Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, **YRC INC., AND JEFFREY THORP** as parties in diversity with the Plaintiffs, respectfully request that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show itself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL K. KARP**
State Bar No. 24012937
dkarp@@feesmith.com
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 Telephone
(972) 934-9200 Facsimile

**ATTORNEYS FOR DEFENDANTS YRC, INC. AND JEFFREY THORP**

### CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 1st day of March, 2018, a true and correct copy of the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

*Via Certified Mail, Return Receipt Requested*
Christopher S. Hamilton
Stephen T. Blackburn
Fabiola Segovia
Hunt Bonneau
Standly and Hamilton, L.L.P.
325 N. St. Paul, Suite 3300
Dallas, TX  75201
*Attorneys for Plaintiffs*

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**