CAUSE NO. DC-17-09921

| | | |
|---|---|---|
| MARIA DE JESUS PARDIDA ARANDA, Individually, as wrongful death beneficiary, and on behalf of the estate of JUSTINO GUTIERREZ, deceased, and as the next friend for all minor children, G.G, a minor child, Jo. G-P, a minor child, and Ju. G-P, a minor child<br>    Plaintiffs<br><br>vs.<br><br>YRC INC.,<br>JEFFREY THORP,<br>ROADWAY EXPRESS INC., and<br>JOSHUA RICHMOND<br>    Defendants | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br>192nd JUDICIAL DISTRICT<br><br><br><br><br><br><br><br>DALLAS COUNTY, TEXAS |

## AGREED FINAL JUDGMENT

On this the 26th day of February, 2018, came on to be heard the above styled and numbered cause, and came the Plaintiffs, **Maria de Jesus Pardida Aranda, Individually, as wrongful death beneficiary, and on behalf of the estate of Justino Gutierrez, deceased, and as the next friend for all minor children, G.G., a minor child, Jo. G-P., a minor child, and Ju. G-P., a minor child** ("Plaintiffs"), and came **Joshua Richmond** ("Defendant") and **Colonial County Mutual Insurance Company** ("Nationwide"). All parties having waived a jury, it was announced in open Court that the Defendant and Nationwide were agreeable to paying the combined present value of **SIXTY THOUSAND DOLLARS AND NO/100 ($60,000.00)** in compromise settlement of any and all claims, debts, obligations or causes of action of whatsoever nature that the Plaintiffs have or may have against, growing out of, or in any way incident to the alleged injuries to the Plaintiffs on or about July 17, 2017 arising out of the incident made the basis of this lawsuit.

The Court, after having considered the pleadings, is of the opinion and so finds a possible conflict of interest existed between Plaintiff Maria de Jesus Pardida Aranda and G.G., Jo. G-P.,

and Ju. G-P., Minor Plaintiffs. Therefore, a Guardian Ad Litem was appointed to protect the interests of the Minor Plaintiffs.

Therefore, Lynda Lee Weaver, a duly licensed and practicing attorney and otherwise qualified to act in such capacity, was appointed Guardian Ad Litem to represent the interest of the Minor Plaintiffs. The Court finds the Guardian Ad Litem representing the Minor Plaintiffs herein has no interest adverse to the Minor Plaintiffs; is not interested and shall not receive any part of the proceeds of this judgment; is not related to the Plaintiff and/or Minor Plaintiffs by blood or marriage; and is acting for the best interest of the Minor Plaintiffs.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** a fee in the amount of $2,100.00 be paid to Lynda Lee Weaver for services rendered in her capacity as Guardian Ad Litem and shall be taxed as Court costs against Defendants and/or Imperium. The Court finds that these fees are necessary for the benefit of the Minor Plaintiffs. The Court further finds that the Guardian ad Litem has satisfactorily discharged all of her duties and obligations and ORDERS that the Guardian ad Litem is hereby discharged and relieved of any further rights, duties and responsibilities in this case.

The Court finds that Defendant has reached an agreed settlement with Plaintiffs, which settlement is being submitted to the Court for approval.

The Court finds that at the time of the subject accident, Nationwide underwrote a policy of insurance providing coverage for any alleged liability resulting from the accident made the basis of this suit, and an agreed settlement of the claims of the Plaintiffs is being submitted to the Court for approval under this policy.

The Court finds that for the purposes of this lawsuit Maria de Jesus Pardida Aranda is the legal guardian of Minor Plaintiffs G.G., Jo. G-P., and Ju. G-P., and is legally empowered and

authorized to sign, on behalf of the Minor Plaintiffs, documents releasing all claims against Defendant Joshua Richmond and Nationwide.

The Court finds the liability of the Defendant Joshua Richmond is uncertain, indefinite and incapable of being satisfactorily established, and the nature and extent of injuries and damages to the Plaintiffs are uncertain, indefinite and incapable of being satisfactorily established, and being fully informed with respect to these facts, Defendant Joshua Richmond and Plaintiffs have agreed to compromise and settle the cause of action for a certain sum in full settlement of the respective claims of all parties.

The Court finds all other medical care providers or health insurance companies which allege or assert a subrogation interest in this action have waived such interest by failing to file a Petition in Intervention in a timely manner.

The Court finds the Plaintiffs and the Guardian Ad Litem desire a judgment be entered approving the Settlement Agreement and Release relating to the settlement between the aforementioned Defendant and Plaintiffs.

The Court is of the opinion and so finds the Settlement Agreement and Release is reasonable, fair, and in the best interest of the Plaintiff, the Minor Plaintiffs, and Defendant, and judgment should be granted approving such release, which is incorporated herein and referred to by reference.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs have and recover from Nationwide, on behalf of Defendant Joshua Richmond, the following enumerated sums which have been paid by Nationwide in full payment and satisfaction of Defendant's alleged liability, as more fully described in the Settlement Agreement and Release:

1. To **Hamilton Wingo, LLP**, Plaintiffs' attorney, the amount of **$19,999.11** for payment of case expenses on behalf of G.G., Jo. G-P., and Ju. G-P., Minor Children.

2. To the **District Clerk of Dallas County, Texas** for deposit into the registry of the Court, for the use and benefit of G.G., whose date of birth is July 21, 2009 the sum of **THREE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND 63/100 CENTS ($3,333.63)** to be invested by the District Clerk in a federally insured interest bearing account as authorized by §142.004 of the Texas Property Code. This money deposited for the use and benefit of G.G. may be withdrawn by her on or after her eighteenth birthday upon presentation of proper identification without further orders of the court.

   IT IS ORDERED that upon presentation of proper identification by G.G. on or after her eighteenth birthday, the District Clerk shall issue a check payable to G.G. for an amount equal to all funds held by the District Clerk for the benefit of G.G. plus all remaining accrued interest on such amount after payment of all fees authorized by Texas Local Government Code 117.054.

   IT IS FURTHER ORDERED that the thirty-day waiting period for the issuance of payment to G.G. is hereby waived.

3. To the **District Clerk of Dallas County, Texas** for deposit into the registry of the Court, for the use and benefit of Jo. G-P., whose date of birth is September 1, 2000 the sum of **THREE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND 63/100 CENTS ($3,333.63)** to be invested by the District Clerk in a federally insured interest bearing account as authorized by §142.004 of the Texas Property Code. This money deposited for the use and benefit of Jo. G-P. may be withdrawn by him on or after his eighteenth birthday upon presentation of proper identification without further orders of the court.

   IT IS ORDERED that upon presentation of proper identification by Jo. G-P. on or

after his eighteenth birthday, the District Clerk shall issue a check payable to Jo. G-P. for an amount equal to all funds held by the District Clerk for the benefit of Jo. G-P. plus all remaining accrued interest on such amount after payment of all fees authorized by Texas Local Government Code 117.054.

IT IS FURTHER ORDERED that the thirty-day waiting period for the issuance of payment to Jo. G-P. is hereby waived.

4. To the **District Clerk of Dallas County, Texas** for deposit into the registry of the Court, for the use and benefit of Ju. G-P., whose date of birth is September 1, 2000 the sum of **THREE THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS AND 63/100 CENTS ($3,333.63)** to be invested by the District Clerk in a federally insured interest bearing account as authorized by §142.004 of the Texas Property Code. This money deposited for the use and benefit of Ju. G-P. may be withdrawn by him on or after his eighteenth birthday upon presentation of proper identification without further orders of the court.

IT IS ORDERED that upon presentation of proper identification by Ju. G-P. on or after his eighteenth birthday, the District Clerk shall issue a check payable to Ju. G-P. for an amount equal to all funds held by the District Clerk for the benefit of Ju. G-P. plus all remaining accrued interest on such amount after payment of all fees authorized by Texas Local Government Code 117.054.

IT IS FURTHER ORDERED that the thirty-day waiting period for the issuance of payment to Ju. G-P. is hereby waived.

5. To **Hamilton Wingo, LLP**, Plaintiffs' attorney, the amount of **$9,069.35** for payment of case expenses on behalf of Maria de Jesus Partida Aranda.

6. To **Parkland Health** the amount of **$15,281.24** for payment of medical expenses

on behalf of Maria de Jesus Partida Aranda.

7. To **Maria de Jesus Partida Aranda** the amount of **$5,649.41**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by this Court that all of the settlement payments made to Plaintiffs shall constitute damages received on account of personal physical injuries or physical sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and no portion of such amounts shall constitute exemplary or punitive damages, interest, or damages other than actual damages on account of personal physical injuries or physical sickness.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by this Court this is a final judgment for all purposes which fully disposes of all claims and parties in this cause, and all relief prayed for by Plaintiffs not specifically granted herein is expressly refused and denied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by this Court all costs, be taxed against the Party incurring the same.

**SIGNED AND EXECUTED** on this 20th day of February, 2018.

_____
JUDGE PRESIDING

**APPROVED:**

_____
Hunt Bonneau
Attorney for Plaintiffs

_____
Lynda Lee Weaver
Guardian ad Litem for G.G., Jo. G-P., and Ju. G-P., Minor Children

_____
Nadine Kanga
Attorney for Defendant Joshua Richmond and Nationwide