CAUSE NO. DC-17-09921

| | | |
|---|---|---|
| **MARIA DE JESUS PARDIDA ARANDA, Individually, as wrongful death beneficiary, and on behalf of the estate of JUSTINO GUTIERREZ, deceased, and as the next friend for all minor children G.G., a minor child, Jo. G-P., a minor child, and Ju. G-P., a minor child,** | § § § § § § § § § § | IN THE DISTRICT COURT

192nd JUDICIAL DISTRICT |
| **Plaintiffs,** | § § | |
| **vs.** | § § | |
| **YRC INC., JEFFREY THORP, ROADWAY EXPRESS INC., AND JOSHUA RICHMOND,** | § § § § | DALLAS COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiffs, MARIA PARDIDA, Individually as wrongful death beneficiary and on behalf of the estate of Justino Gutierrez, deceased, G.G., a minor child, Ju. G-P., a minor child, Jo. G-P., a minor child, complaining of YRC INC., JEFFREY THORP, ROADWAY EXPRESS INC., and JOSHUA RICHMOND, hereinafter collectively referred to as "Defendants", jointly and severally and for cause of action would respectfully show unto the Court and Jury, by a preponderance of the evidence, the following:

I.

**EXHIBIT B**

Pursuant to the provisions of Rule 190.3 of the Texas Rules of Civil Procedure, discovery in this cause is to be conducted under Level 3.

## II.

## PARTIES

Plaintiff MARIA PARDIDA is an individual and resident of Dallas County, Texas.

Plaintiff G.G., is a minor child and resident of Dallas County, Texas.

Plaintiff Jo. G-P., is a minor child and resident of Dallas County, Texas.

Plaintiff Ju. G-P., is a minor child and resident of Dallas County, Texas.

Plaintiff JUSTINO GUTIERREZ was an individual and resident of Dallas County, Texas.

Defendant YRC INC.  operates and maintains its principal place of business in Overland Park, KS.   Defendant is a Kansas Corporation, doing business in the State of Texas, and may be served through its registered agent CT Corporation System located at 780 Commercial Street SE, Suite 100, Salem, OR 97301.

Defendant JEFFREY THORP is an individual, who is a resident of Kansas, and may be served with process at 23163 Indianapolis Rd, Edgerton, KS 66021.  Service of said Defendant as described above can be affected by personal service.

Defendant ROADWAY EXPRESS INC. operates and maintains its principal place of business in Gresham, OR.   Defendant is an Oregon

2

Corporation, doing business in the State of Texas, and may be served through its registered agent Dariy Muntyan located at 2518 NW 1st Drive, Gresham, OR 97030.

Defendant JOSHUA RICHMOND is an individual, who is a resident of Texas, and may be served with process at 1330 Mac Arthur Drive, Apt 1808, Carrollton, TX 75007.  Service of said Defendant as described above can be affected by personal service.

III.

VENUE

Venue is proper in Dallas County, Texas pursuant to Section 15.002 (a) (3) of the Texas Civil Practice and Remedies Code, VTCS because the events made the basis of this suit occurred in Dallas County and the Plaintiffs and Defendant Joshua Richmond all reside in Dallas County, Texas.

IV.

NATURE OF CAUSE

Plaintiffs bring this cause of action to recover damages for personal injuries and wrongful death and other damages sustained by them and arising out of a incident which occurred on or about July 17, 2017 in Dallas County, Texas when the Defendant's tractor-trailer killed Justino Gutierrez and injured Maria Pardida and Jonathan Gutierrez.

V.

FACTS

On or about July 17, 2017, Plaintiffs Maria Pardida, Jo. G-P., a minor child, Justino Gutierrez, and Defendants were traveling southbound on I 35 north of Royal Lane.   Defendants, who were driving in an unsafe manner, came into contact with each other causing them to lose control and veer out of their lane of traffic, and into the lane being occupied by the Plaintiffs.  The tractor trailer smashed into the Plaintiffs' car, knocking their car and causing them to be crushed against the cement guard.  The impact catapulted Justino Gutierrez into the lap of his son, Jo. G-P., a minor child, who heard him gasping for air.  Justino was severely injured and died later that day.  The impact also injured Maria Pardida and Jo. G-P., a minor child.

Plaintiffs would show that the impact proximately caused by the combined negligence of the Defendants, caused Plaintiffs' damages as enumerated below.

VI.

RESPONDEAT SUPERIOR

At the time of the collision described herein, Defendant JEFFREY THORP was the agent, servant and/or employee of Defendant YRC INC. Defendant JEFFREY THORP was acting within the course and scope of his employment as agent, servant and/or employee of Defendant YRC INC. Therefore, the Defendants JEFFREY THORP and YRC INC.  are joint and severally liable for Plaintiff's damages under the Doctrine of Respondeat

4

Superior because the negligence of Defendant YRC INC. 's employees, agents and/or representatives was a proximate cause of the collision and damages described herein.

## VII.

## AGENT

In addition to and without waiving the foregoing, the Plaintiffs would show that at the time of the incident mentioned herein, Defendant JEFFREY THORP was the agent of Defendant YRC INC.  and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendants JEFFREY THORP and YRC INC. are joint and severally liable for Plaintiff's damages under the Doctrine of Respondeat Superior.

## VIII.

## JOINT-VENTURE

At all times mentioned herein, the Defendants were engaged in a joint venture enterprise in that Defendant JEFFREY THORP was enroute to further the business and profits of Defendant YRC INC.   Each Defendant shared control of the tractor at the time of the incident described herein. Defendant JEFFREY THORP actually operated the tractor and Defendant YRC INC.  planned their course of travel, destination and directed the former as to the route and times to be followed in furtherance of their mutual

enterprise. Therefore, Defendants JEFFREY THORP and YRC  INC.  are joint and severally liable for Plaintiffs damages described herein.

IX.

## NEGLIGENCE (DRIVER)

Plaintiffs would show that on the occasion in question, Defendants JEFFREY THORP and JOSHUA RICHMOND were negligent in various acts and omissions, including but not limited to the following, said negligence being the sole proximate cause of the incident in question:

1.  In failing to keep a proper lookout;

2.  In failing to maintain proper control of Defendant's vehicle;

3.  In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS.

4.  In that Defendants failed to use reasonable ordinary care to control their speed, as an ordinary prudent driver would, under the circumstances;

5.  In that Defendants failed to keep a safe and assured clear distance away from other vehicles, as a person using ordinary prudent care would have kept;

6.  In that Defendants failed to apply their brakes in a timely and prudent manner, or, in the alternative, wholly failed to apply their brakes in order to avoid the collision in question;

7.  In that Defendants were inattentive and or allowed themselves to be distracted

8.  In failing to anticipate foreseeable hazards as an ordinary prudent driver would under same or similar circumstances.;

9.     In failing to generally act as an ordinary prudent driver under the same or similar circumstances; and

10.   Additionally, the violations of local and state traffic laws constitute negligence per se.

Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence and were each and all, independently and/or concurrently, the sole proximate cause of Plaintiffs injuries and damages.

## X.

## NEGLIGENCE (OWNER)

Plaintiffs would show that on the occasion in question, Defendant YRC INC. was negligent in various acts and omissions, including the following, said negligence being a proximate cause of the collision in question, to wit:

1.     In the hiring of Defendant JEFFREY THORP;

2.     In failing to properly investigate Defendant JEFFREY THORP's driving ability, prior employment history and driving record;

3.     In failing to properly train Defendant JEFFREY THORP to drive in a safe and prudent manner;

4.     In failing to properly supervise Defendant JEFFREY THORP to ensure that he would operate YRC INC.'s vehicle in a safe and prudent manner;

5.     In failing to make a prudent inquiry into the driving competency of Defendant JEFFREY THORP;

6.     In the reckless employment of Defendant JEFFREY THORP.

7.     In failing to implement safety policies and procedures; and,

8.      In failing to enforce safety policies and procedures.

Each and all of the above foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all, independently and/or concurrently the sole proximate cause of the collision and damages made the basis of this suit.

XI.

GROSS NEGLIGENCE (ENTRUSTEE)

Plaintiffs would show that, at the time of the collision in question, Defendant JEFFREY THORP was grossly negligent in operating, driving and maintaining Defendant YRC  INC. 's vehicle involved in the collision made the basis of this suit as described in the above paragraphs.    Because said acts and omissions of the Defendant JEFFREY THORP was a reckless disregard for the rights and safety of others, particularly the Plaintiffs, the Plaintiffs are entitled to and hereby sues for exemplary or punitive damages.  Defendant JEFFREY THORP knew or had reason to know of facts that created a high degree of risk of physical harm to the Plaintiffs, and deliberately proceeded to act in conscience disregard or indifference to that risk.   In addition, Defendant JEFFREY THORP knew or had reason to know of facts that created a high degree of risk, but did not realize or appreciate the risk involve, even though a reasonable person in Defendant JEFFREY THORP's position would have appreciated the risk.

XII.

## NEGLIGENT ENTRUSTMENT

Plaintiffs would show that at the time of the collision, Defendant YRC INC. owned the vehicle being driven by Defendant JEFFREY THORP who was involved in the collision. Defendant YRC INC. was negligent in entrusting said vehicle to Defendant JEFFREY THORP in that he was an unskilled, incompetent and reckless driver. Defendant YRC INC. knew or through the exercise of ordinary care, should have known that JEFFREY THORP was an unskilled, incompetent and reckless driver. Defendant YRC INC. was therefore negligent in entrusting said vehicle to Defendant JEFFREY THORP and such negligent acts and omissions on the part of Defendant YRC INC. was done with conscious indifference to the rights and safety of others, which was a direct and proximate cause of the collision in question and a producing cause of the damages suffered by Plaintiffs.

XIII.

## GROSS NEGLIGENCE OF YRC INC.

Plaintiffs would show that, at the time of the collision in question, Defendant YRC INC., was grossly negligent in hiring, training, and the supervision of Defendant JEFFREY THORP described in the above paragraphs. Because said acts and omissions of the Defendant YRC INC. was a reckless disregard for the rights and safety of others, particularly the Plaintiffs, the Plaintiffs are entitled to and hereby sues for exemplary or punitive

damages.   Defendant YRC INC. knew or had reason to know of facts that created a high degree of risk of physical harm to the Plaintiffs, and deliberately proceeded to act in conscience disregard or indifference to that risk.   In addition, Defendant YRC INC. knew or had reason to know of facts that created a high degree of risk, but did not realize or appreciate the risk involve, even though a reasonable person in Defendant YRC INC.'s position would have appreciated the risk.

## XIII.

## PERSONAL INJURY DAMAGES

Plaintiff MARIA PARDIDA would show that as a proximate cause of the negligence of the Defendants, she has suffered serious and permanent injuries to her body.   In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of her natural life.   The injuries have had a serious effect on Plaintiff's health and well being.   Some of these ill effects are permanent and will abide with the Plaintiff long into the future.   Plaintiff's ill effects have, in turn, caused her physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability, cause her to suffer the consequences and ill effects of such deterioration throughout her body long into the future, if not for the balance of her natural life for which she hereby sues the Defendants.

Plaintiff MARIA PARDIDA would show that as a result of the above described injuries, she has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past. These expenses were incurred for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the area of Dallas County. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that she will incur additional expenses for medical care and attention in the future, all for which she hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

## XIV.

Plaintiff Jo. G-P., a minor child, would show that as a proximate cause of the negligence of the Defendants, he has suffered serious and permanent injuries to his body. In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of his natural life. The injuries have had a serious effect on Plaintiff's health and wellbeing. Some of these ill effects are permanent and will abide with the Plaintiff long into the future. Plaintiff's ill effects have, in turn, caused his physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have

caused and will in all reasonable probability, cause him to suffer the consequences and ill effects of such deterioration throughout his body long into the future, if not for the balance of his natural life for which he hereby sues the Defendants.

Plaintiff Jo. G-P., a minor child, would show that as a result of the above described injuries, he has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past.  These expenses were incurred for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the area of Dallas County.  As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will incur additional expenses for medical care and attention in the future, all for which she hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

XV.

BYSTANDER CLAIM

The bystanders, MARIA PARDIDA and Jo. G-P., a minor child, observed JUSTINO GUTIERREZ get injured and die; their shock added additional mental anguish which resulted from their sensory and contemporaneous observance of the accident.

XVI.

<u>WRONGFUL DEATH CLAIM</u>

Plaintiffs bring this wrongful death action pursuant to Tex. Civ. Prac. & Rem. Code § 71.002.  The unlawful acts and practices described above were a producing and proximate cause of JUSTINO GUTIERREZ' death.

Plaintiffs have suffered, and will continue to suffer, a loss of consortium and damage to the child/parent, and spousal relationship, including the loss of love, affection, solace, comfort, companionship, society, assistance, and emotional support from their father and husband as a proximate result of the Defendants' negligence.

As a proximate cause of the Defendants' negligence, Plaintiffs have suffered severe mental depression and anguish, grief, and sorrow as a result of JUSTINO's death, and in all reasonable probability will continue to suffer indefinitely into the future.  Plaintiffs also suffered pecuniary loss and loss of inheritance due to the death of JUSTINO GUTIERREZ that the Defendants' proximately caused.

XVII.

<u>SURVIVAL CLAIM</u>

Plaintiffs bring this survival action in their capacity as the legal heirs of decedent pursuant to Tex. Civ. Prac. & Rem. Code § 71.021. Defendants' negligent acts were a proximate cause of tremendous conscious pain, suffering, terror, mental anguish to JUSTINO GUTIERREZ preceding his

eventual death.    JUSTINO GUTIERREZ experienced his vehicle losing control at such a rate that he analyzed his impending death. After the crash he lived a few minutes, while gasping for air and further analyzing his impending demise, prior to dying at the scene of the incident. The nature of his injuries, his autopsy, and death certificate evidence brutal pain and suffering prior to his demise. The estate of the deceased has paid or incurred reasonable and necessary charges for emergency care and treatment.

The estate of JUSTINO GUTIERREZ is entitled to recover damages for:

1. JUSTINO GUTIERREZ' conscious physical pain and suffering suffered by prior to his death;

2. His conscious mental anguish suffered prior to his death;

3. The estate has suffered the loss of future wages of decedent, JUSTINO GUTIERREZ;

4. Funeral and burial expenses for JUSTINO GUTIERREZ.

### XVIII.

The Plaintiffs' injuries resulted from the Defendants' gross negligence, which entitles the Plaintiffs to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a). Defendants acted with reckless disregard for the safety of the public, most notably JUSTINO GUTIERREZ. Furthermore, exemplary damages are recoverable under Tex. Civ. Prac. & Rem. Code § 71.021 as part of the survival action brought by the Estate of JUSTINO

GUTIERREZ because JUSTINO, had he lived, would have been able to recover exemplary damages.

XIX.

Plaintiffs would show that all of the above-described damages were proximately caused by the negligence, negligence per se and gross negligence of the Defendants named herein and said negligence was a producing cause of Plaintiffs injuries and damages for which Plaintiffs hereby sue in an amount which a jury of their peers deems fair and just.

XX.

RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff's hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

XXI.

REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(1).

XXII.

PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs further allege that Plaintiffs be entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by law and *Cavnar v. Quality Control Parking, Inc.*, 696 S.W. 2d 549 (Tex. 1985) and by Art. 5069-1.05, V.T.C.S.

XXIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be duly cited in terms of law to appear and answer herein and that upon final hearing hereof, Plaintiffs recover judgment against the Defendants for Plaintiffs damages as herein above set out with pre-judgment and post-judgment interest at the legal rate; costs of Court and for such other and further relief to which Plaintiffs may be entitled under equity and in law.

Respectfully submitted,

/s/ Hunt Bonneau
Christopher Hamilton
State Bar No. 24046013
chamilton@standlyhamilton.com
Hunt Bonneau
State Bar No. 00795257
hbonneau@standlyhamilton.com

HAMILTON WINGO, LLP
325 N. St. Paul St #3300
Dallas, TX 75201
Tel: (214) 234-7900
Fax: (214) 234-7300

ATTORNEYS FOR PLAINTIFF

16

FILED
DALLAS COUNTY
9/18/2017 9:40 AM
FELICIA PITRE
DISTRICT CLERK

Lafonda Sims

YRC.8769

## CAUSE NO. DC-17-09921

| | | |
|---|---|---|
| **MARIA DE JESUS PARDIDA** | § | **IN THE DISTRICT COURT** |
| **ARANDA, Individually, as wrongful** | § | |
| **death beneficiary, And on behalf of the** | § | |
| **estate of JUSTINO GUTIERREZ,** | § | |
| **deceased, and as next friend for all minor** | § | |
| **children, GUADALUPE GUTIERREZ,** | § | |
| **JONATHAN GUTIERREZ-PARTIDA,** | § | |
| **and JUSTIN GUTIERREZ-PARTIDA,** | § | |
| | § | **192ND JUDICIAL DISTRICT** |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **YRC INC., JEFFREY THORP,** | § | |
| **ROADWAY EXPRESS INC., and** | § | |
| **JOSHUA RICHMOND,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS YRC INC., AND JEFFREY THORP'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **YRC INC., and JEFFREY THORP,** Defendants named in the above entitled and numbered cause, and files this their Original Answer, and for same would respectfully show unto the Court as follows:

## I.

## GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

## II.

## AFFIRMATIVE DEFENSES
## COMPARATIVE NEGLIGENCE

Defendants requests that this court direct the trier of fact in this matter, after a trial on the merits, to determine the percentage of responsibility of all parties involved in the incident, including the deceased driver of the Plaintiffs' vehicle and Joshua Richmond, the driver of the red Jetta that was the direct and proximate cause of the incident.  Defendants further request that a percentage of responsibility be determined as against each named responsible third party, Third-Party Defendant, Settling Party, or any other party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

Defendants would further show the Court that in the unlikely event that fault or negligence be found against, which is not admitted but specifically denied, that its causative fault or negligence should be compared with the comparative fault or causative negligence of all other parties hereto and third parties or entities not parties hereto which were negligent or at fault in the matter.

For further answer and by way of affirmative defense, Defendants would show that the accident made the basis of this suit was the result of a sudden emergency, and thus was an unavoidable accident not caused by the negligence of Defendants.  Accordingly, the injuries and losses claimed by Plaintiffs were the result of a sudden emergency and/or unavoidable accident.

## III.

## SECTION 18.091

Defendants invoke Section 18.091 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for

compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

## IV.

## <u>SECTION 41. 0105</u>

Defendants invoke Section 41.0105 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs.  Defendants further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## V.

## <u>PAID V. INCURRED</u>

Defendants also assert that they are entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred.  Defendants are further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiffs' recovery.

## VI.

## <u>PUNITIVE AND STATUTORY DAMAGES AND FINES</u>

Defendants affirmatively plead that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from these Defendants. In the alternative, Defendants plead the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiffs seek.  Furthermore, in response to all claims to punitive or statutory damages, Defendants affirmatively plead the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## VII.

## JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **YRC INC., and JEFFREY THORP,** pray that Plaintiffs take nothing by this suit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**MICHAEL P. SHARP**
State Bar No. 00788857
Email:  msharp@feesmith.com
**DANIEL M. KARP**
State Bar No. 24012937
Email:  dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel:  972-934-9100
Fax:  972-934-9200

**ATTORNEYS FOR DEFENDANT**
**YRC INC., and JEFFREY THORP,**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record in this cause of action on the 18th day of September, 2017.

| *Via www.efile.txcourts.gov* | *Via www.efile.txcourts.gov* |
|---|---|
| Christopher S. Hamilton | Kristopher S. Barber |
| Hunt Bonneau | Andrew Strong |
| Standly and Hamilton, L.L.P. | The Barber Law Firm |
| 325 N. St. Paul, Suite 3300 | 1751 W. Plano Pkwy |
| Dallas, TX  75201 | Plano, Texas 75075 |
| Email:  chamilton@standlyhamilton.com | Email:  Andrew@thebarberlawfirm.com |
| Email:  hbonneau@standlyhamilton.com | |
| | *Attorneys for Defendant, Joshua Richmond* |
| *Attorneys for Plaintiffs* | |

_____
**MICHAEL P. SHARP**

Print this page

# Case # DC-17-09921 - MARIA PARDIDA ARANDA, et al vs. YRC INC, et al (SMITH, CRAIG)

**Case Information**

| | |
|---|---|
| Location | Dallas County - 192nd District Court |
| Date Filed | 09/18/2017 09:40:59 AM |
| Case Number | DC-17-09921 |
| Case Description | MARIA PARDIDA ARANDA, et al vs. YRC INC, et al |
| Assigned to Judge | SMITH, CRAIG |
| Attorney | Michael Sharp |
| Firm Name | Fee Smith Sharp & Vitullo LLP |
| Filed By | Kristi Moore |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | FSSV Mastercard 5 (Mastercard 7794) |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 30331957 |
| Order # | |

---

**Original Answer - General Denial**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer - General Denial |
| Filing Description | YRC, INC & JEFFREY THORP'S ORIG ANS |
| Reference Number | YRC.8769 |
| Comments | |
| Status | Accepted |

| Accepted Date | 09/18/2017 10:01:27 AM |
| Accept Comments | THANK YOU FOR E-FILING. LAFONDA |

**Fees**

| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| *Lead Document* | DEFS OA (9.18.17).pdf | [Original] | [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Christopher S Hamilton<br>chamilton@standlyhamilton.com | Standly & Hamilton, LLLP | EServe | Sent | Yes | Not Opened |
| Clerk Standly Hamilton<br>clerk@standlyhamilton.com | Standly Hamilton, LLP | EServe | Sent | Yes | Not Opened |
| Hunt E. Bonneau<br>hbonneau@hamiltonwingo.com | Standly & Hamilton, LLP | EServe | Sent | Yes | Not Opened |
| Michael Paul Sharp<br>msharp@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |
| Daniel Karp<br>dkarp@feesmith.com | Fee, Smith, Sharp & Vitullo | EServe | Sent | Yes | Not Opened |
| Mona Brunson<br>mbrunson@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | 09/18/2017 10:03:55 AM |
| KERRY KALLIE<br>KERRY.KALLIE@DALLASCOUNTY.ORG | | EServe | Sent | Yes | Not Opened |
| Kristi Moore<br>kmoore@feesmith.com | Fee Smith Sharp & Vitullo, LLP | EServe | Sent | Yes | Not Opened |
| Andrew Strong<br>andrew@thebarberlawfirm.com | | EServe | Sent | Yes | 09/18/2017 09:51:50 AM |
| Cynthia Boston<br>cboston@feesmith.com | Fee, Smith, Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |